# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

VICKI RENE VOGEL,  )
    Plaintiff,  )
        )
    v.  )    CAUSE NO.: 4:18-CV-36-JEM
        )
ANDREW SAUL, Commissioner of the  )
Social Security Administration,  )
    Defendant.  )

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Vicki Rene Vogel on June 11, 2018, and Plaintiff's Opening Brief [DE 21], filed December 7, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 15, 2019, the Commissioner filed a response, and on February 20, 2019, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## I.    Background

On September 23, 2014, Plaintiff filed an application for benefits alleging that she became disabled on September 1, 2014. Plaintiff's application was denied initially and upon reconsideration. On May 17, 2017, Administrative Law Judge ("ALJ") Robert Long held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 6, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant meets the insured status requirements of Social Security Act through September 30. 2019.

2.    The claimant has not engaged in substantial gainful activity since September 1, 2014, the alleged onset date.

1

3. The claimant has severe impairments: fibromyalgia and degenerative disc disease of the lumbar spine and cervical spine with radiculopathy.

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity ("RFC") to lift and carry up to 20 pounds occasionally, 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday with normal breaks. The claimant must never climb ladders, ropes, or scaffolds, or crawl, but can occasionally climb ramps or stairs, balance, kneel, or crouch. She is limited to only occasional exposure to wetness and vibration, and hazards such as unprotected heights and moving machinery. Further, the claimant must never stoop (bend at the waist except when sitting), and is limited to frequent use of a cane for ambulation. She is able to frequently but not constantly handle, finger, and reach bilaterally.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2014, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse

3

the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ erred in failing to include Plaintiff's need to use her cane to balance in the RFC, erred in the analysis of her daily activities, and failed to adequately ascertain whether jobs were available in significant numbers. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into

4

consideration all of the relevant evidence, both medical and non-medical. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)).

Plaintiff was prescribed a cane in April 2015 for "unsteady gait and foot drop." AR 475. Plaintiff argues that foot drop explicitly affects her ability to balance and subsequent medical records show that she consistently used a cane. She testified that she needs it for balancing as well as walking, and that she has difficulty standing for long without using a cane or other assistive device to help her balance. *See, e.g.,* AR 49. In the RFC, the ALJ accounted for "frequent use of a cane for ambulation," but also stated that Plaintiff "can occasionally . . . balance" and did not include any use of assistive devices for balancing , without explanation. In addition, despite Plaintiff's diagnosis of depression and continued mental health treatment, the ALJ did not include any mental health-related limitations in the RFC. The ALJ briefly addressed the opinions of state agency psychological consultants, who opined that Plaintiff suffered from severe affective disorders and that, despite few restrictions in her activities of daily living, Plaintiff would have moderate difficulty maintaining concentration, persistence, or pace, and her ability to understand and remember detailed instructions was moderately limited. AR 70, 75, 83, 87. The ALJ gave the opinions "[l]ittle weight" because "the records . . .[are] quite clear that the claimant has very minimal loss of concentration, persistence, or pace, continuing to perform household chores, watching television for hours, and maintaining an independent lifestyle throughout normal work hours while her husband is away." AR 25. He stated, "The opinions relied upon are supported by the records, and those given reduced weight, are not,"

5

AR 25, a cursory decision to disregard parts of the record without thorough explanation.

The ALJ discounted the only psychological assessment that he analyzed. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ did not identify any other psychological evidence in the record that contradicted the opinions of the agency psychological examiner. The only reason the ALJ gave for discounting the opinion was his personal assessment that Plaintiff's daily activities suggested that her mental health difficulties would not affect her ability to work. However, even the daily activities he listed are limited, and the Seventh Circuit Court of Appeals has repeatedly criticized ALJ decisions that equate a plaintiff's ability to take care of personal hygiene or household chores with the ability to work and fail to take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Roddy*, 705 F.3d at 639 ("[A] person's ability to perform daily activities, especially if that can be done only with significant limitations, does not translate to an ability to work full-time."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working

environment . . . often differ dramatically between home and office or factory or other place of paid work."). As argued by Plaintiff, the ALJ's descriptions of Plaintiff's daily activities earlier in the opinion suffer from the same flaw and ignore the significant limitations on what she is able to do. For example, although Plaintiff can shower and dress, she needs a stool in the shower and sometimes experiences balance problems while dressing, and she takes a number of breaks while performing light cleaning, doing laundry, and preparing meals. *See, e.g.,* AR 248-50.

Not only did the ALJ base his decision to discount the agency psychological assessments on an overstatement of Plaintiff's daily activities, but the ALJ did not identify *any* psychological opinion to which he gave more than little weight, leaving the Court completely unable to determine the medical evidence on which the ALJ based his determination of Plaintiff's mental work-related ability. The ALJ "must provide a 'logical bridge' between the evidence and his conclusions," *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the RFC, and raising concerns that the ALJ substituted his own medical judgment for that of the only psychological opinion he discussed, as well as that of the physicians who prescribed a cane to Plaintiff. *See, e.g., Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (warning ALJs to avoid the temptation of playing doctor and advising ALJs to rely on expert opinions); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (explaining that ALJs must avoid making their own medical findings).

On remand, the ALJ is directed to thoroughly address the medical evidence in the record, including properly weighing the reports of medical professionals in accordance with the regulations, and to obtain additional information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not

7

readily discernable."). The ALJ is also directed to thoroughly explain how Plaintiff's claimed limitations are either incorporated into the RFC or found to be unsupported. Although the Court makes no finding with regard to the use of SkillTRAN in this case, on remand the ALJ is reminded of the Seventh Circuit Court of Appeals's reminder that "[i]n the context of job-number estimates, . . . the substantial evidence standard requires the ALJ to ensure that the approximation is the product of a reliable method." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018), cert. denied, 139 S. Ct. 808, 202 L. Ed. 2d 592 (2019).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 21] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 4th day of September, 2019.

           s/ John E. Martin
           MAGISTRATE JUDGE JOHN E. MARTIN
           UNITED STATES DISTRICT COURT

cc:  All counsel of record